[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10470
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-00377-WS-C


SIMP MCCORVEY,

                                                    Plaintiff-Appellant,

versus

JACK B. WEAVER,
LESTON STALLWORTH,
RODERICK MCCORVEY, III,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(October 2, 2015)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Simp McCorvey, proceeding pro se, appeals the district court's dismissal of his complaint filed against Roderick McCorvey, Leston Stallworth, and Judge Jack Weaver (collectively, Appellees).  On appeal, McCorvey argues that the district court erred in granting Judge Weaver judicial immunity and in holding that the *Rooker-Feldman*[1] doctrine precluded its review as to all three Appellees. However, after consideration of the arguments and upon review of the record on appeal, we affirm the district court.

McCorvey avers that the district court erred in holding that the *Rooker-Feldman* doctrine precluded its review because he was prevented from attending the state-court hearing, the state-court ruling was not a final judgment on the merits, he did not have a reasonable opportunity to raise his federal claims in state court, and his federal issues were not inextricably intertwined with the state-court judgment.  We review a district court's application of the *Rooker-Feldman* doctrine de novo.  *Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1069–70 (11th Cir. 2013).  The doctrine precludes jurisdiction in "'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'"  *Alvarez v. Att'y Gen. of Fla.*, 679 F.3d 1257, 1262

---

[1] The *Rooker-Feldman* doctrine derives from *Rooker v. Fidelity Trust Company*, 263 U.S. 413, 44 S. Ct. 149 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303 (1983), and provides that, as a general matter, federal district courts lack jurisdiction to review a final state court decision.

(11th Cir. 2012) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 1521–22 (2005)).  It applies when the issues presented to the district court are "inextricably intertwined with the state court judgment so that (1) the success of the federal claim would effectively nullify the state court judgment, or that (2) the federal claim would succeed only to the extent that the state court wrongly decided the issues." *Id.* at 1262–63 (internal quotation marks omitted).

Here, the district court correctly dismissed McCorvey's complaint as to all three Appellees because of the *Rooker-Feldman* doctrine.  McCorvey was a "state-court loser," requesting that the federal court review and reject the state-court order, which was rendered before the federal proceedings commenced.  *See id.* at 1264.  Further, despite what McCorvey argues, he was not prevented from attending the state-court hearing, as he admits that he was told on September 3 that trial was set for September 11; the state-court ruling was a final judgment on the merits regardless of whether he was present; and he had the opportunity to raise his claims in state court, as evidenced by the numerous motions that he filed therein. Finally, his federal issues were inextricably intertwined with the state-court judgment, as he was asking that the district court rescind the state order, which

3

would "effectively nullify the state court judgment."[2] *See id.* (internal quotation marks omitted).

For the reasons stated above, the district court's dismissal of McCorvey's complaint is **AFFIRMED**.

---

[2] The district court correctly dismissed McCorvey's complaint as to Judge Weaver for an additional reason—Judge Weaver was entitled to absolute judicial immunity because he did not act in the clear absence of all jurisdiction, and his actions were made while acting in his judicial capacity. *See Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (per curiam).